UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-CR-20285-SEITZ

UNITED STATES OF AMERICA,   *

   Plaintiff,   *

vs.   *

ALBA SERRANO,   *

   Defendant.   *

_____

**DEFENDANT ALBA SERRANO'S MEMORANDUM OF LAW
IN SUPPORT OF SENTENCING MITIGATION**

The defendant, ALBA SERRANO, by and through her undersigned counsel, respectfully submits this, her Memorandum Of Law In Support of Sentencing Mitigation. It is respectfully the matters contained herein be jointly considered with the Pre-sentence Investigation Report along with and in addition to the Joint Objections to the Presentence Investigation Report provided to probation officer, Clara Lyons, on October 1, 2012 and the prosecution's motion pursuant to United States Sentencing Guidelines §5K1.1 (hereinafter referred as to U.S.S.G.), Title 18 U.S.C. §3553(a), Administrative Order 90-26,[1] U.S.S.G. §6A1.2, p.s. (Nov. 1992), Rule 32(a)(1), Fed. R.Crim.P. and the Fifth Amendment to the United States Constitution.

---

[1] See Rule 88.8 "Presentence Investigations," General Rules of the U.S. District Court for the Southern District of Florida (Feb. 1993).

1

Hereinafter, the Presentence Investigation Report will be referred to as the "PSR"; the United States Probation Office as the "USPO".

**RENEWED OBJECTIONS TO REVISED PSR**

Joint objections were filed in letter form on October 1, 2012 by Assistant United States Attorney, William Parente, on behalf of the prosecution and by the undersigned attorney on behalf of Alba Serrano. The objections were filed after substantial investigation and consideration of the advisory guideline factors implicated in this case, by both Mr. Parente and his predecessor counsel, Assistant United States Attorney, Steven Kim and the undersigned. They are realleged and reaverred for purposes of this motion.

It is re-submitted the appropriate advisory guideline calculation should result in an adjusted offense level of 17 and a criminal history category I, as agreed to by the parties. The government agreeing to recommend the low end of the advisory guideline range.

The revised PSR and its addendum, despite the joint objections of the parties, fails to recognize the true involvement of Ms. Serrano. Probation ignores Ms. Serrano's involvement as outlined in the joint objections. Likewise, it fails it in its analysis of fact and case law relating to the applicability of the adjustment of "sophisticated means" and "vulnerable victim" as to this defendant, Alba Serrano. Probation is mistaken in the citation contained within the PSR. The probation officer cites an improper section of the advisory sentencing guidelines. The report mistakenly cites §2B1.1(b)(9)( C) a section

which relates to "charitable, educational, religious or political organization ...". None of which are applicable to this case. Clearly the prosecution and the defense were cognizant of the applicable advisory guidelines and likewise fully appreciated and understood Ms. Serrano's involvement in the case. Ms. Serrano was far different from others discussed in the factual basis of the PSR and in the related case portion thereof. The crimes committed by co-conspirators, American Therapeutic Corporation (ATC) and Health Care Solutions Network (HCSN) and their principals, was substantially different in the manner and means they were committed, than the conduct attributed of Alba Serrano.

Ms. Serrano was merely an owner/operator of an assisted living facility, "Elsa's Home", a small portion of whose patients went to ATC and HCSN. The magnitude of ATC's and HCSN's financial status and dealings was substantially different than that of Ms. Serrano's assisted living facility with only twelve (12) residents, only two or three of which would attend the associated facilities at any given time. There was no "complex or intricate offense conduct or the hiding of assets or transaction, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts" as contained within the requirements of the advisory guidelines U.S.S.G. §2B1.1(b)(10) and defined in the related application note. A finding as proposed by the probation officer's recommendation can only implicate a re-evaluation of the advisory sentencing guidelines as contained in paragraph fifty (50) of the PSR regarding Ms. Serrano's role. Such a re-evaluation leads to one conclusion, that Alba Serrano's role would be minuscule compared to ATC, HCSN and other individuals as outlined in the related offense descriptions, thus requiring a four

3

level reduction for role in the offense.  This has not been previously advocated or contemplated, based upon the true facts as they relate to Ms. Serrano and known to the parties.

Surprisingly, the PSR ultimately disclosed on October 22, 2012 has virtually a new recitation of **"Related Cases"** information, different from the one originally disclosed to the undersigned counsel on September 4, 2012.  It adds five (5) new paragraphs, which would be better addressed in paragraph 42, page 13, wherein an assessment is made that, "neither an aggravating or mitigating role adjustment is recommended."  Of significance, is the disregard for the agreement of the parties by probation.

A simple evaluation of the new paragraphs preceding probation officer's assessment of Ms. Serrano's role, clearly points out how minimal Ms. Serrano's role was. Alba had absolutely no knowledge as to the corporate hierarchy or billing practices of ATC and HCSN.  Alba's actual monetary gain over the course of time her patients attended ATC and HCSN was $48,000.00.  This was acknowledged by the prosecution team in pre-trial meetings ultimately leading to the plea agreement.  It was submitted by the parties that the probation officer was incorrect in her assessment of sophistication and is contrary to that of the investigating agencies findings.  The agreement between the government and the defendant, Alba Serrano, reflects the prosecution's assessment of Ms. Serrano's business, as it related to the conduct both charged and uncharged within definitions provided by law.

The parties were likewise scrupulous in evaluating the advisory sentencing

guidelines as they related to victim impact.  The parties considered this aspect of the advisory sentencing guidelines and addressed it.  The conclusion is reflected in the third paragraph of the "AGREED FACTUAL BASIS FOR GUILTY PLEA" filed with the court at the time of the acceptance of guilty plea.  Both the prosecution and Ms. Serrano were cognizant of the evaluations needed to be made, in order to properly assist and advise the court of the appropriate advisory guideline.  In so doing, the agreement reached was based upon an evaluation of the type of patients referred by Ms. Serrano to ATC and HCSN and **not** other assisted living facilities or their owners.  The ultimate conclusion reached, by those who had the ability to evaluate all facts relevant to Ms. Serrano's admission of guilt is evidenced in paragraph thirteen (13) of the Plea Agreement wherein it was specifically stated, "The parties agree that no further enhancements should apply, including any adjustments concerning ... or any **victim-related** adjustments". (emphasis added)  Consistent with this agreement the factual basis in this case reflected the nature and extent of facts the government could prove if this case were to go to trial.  It should be noted that the content is devoid of facts which would implicate sophisticated means or victim related enhancements.

    Mr. Steven Kim was the Assistant United States Attorney who participated in the charging and investigative phases of this case, both pre and post filing of Information.  Mr. Kim was fully aware of the lack of sophistication of Ms. Serrano and her business as well as the nature of those patients referred from Elsa's Home.  Having this particular knowledge, Mr. Kim entered into the agreement, consistent with law and his known

obligation to this court.

## **MEMORANDUM IN SUPPORT OF GRANTING §5K1.1 MOTION**

It is the undersigned's position, substantial consideration should be given to imposing a sentence substantially less than the sentence advocated in the government's §5K1.1 motion and would be considered reasonable under the circumstances of the instant case and consistent with recent decisions analyzing Title 18 U.S.C. §3553(e) and Title 28 U.S.C. 994(n) factors. *U.S. v. Booker,* 543 U.S. 220 (2005), *U.S. v. Fanfan,* 543 U.S. 220 (2005), *U.S. v. Kimbrough,* 128 S.Ct. 558 (2007), *U.S. v. Gall,* 128 S.Ct. 586 (2007), *U.S. v. Rita,* 127 S.Ct. 2456 (2007).

The government has filed and requested a departure pursuant to U.S.S.G. §5K1.1 [Docket No. 27]. The undersigned joins in the granting of the motion, however, would urge the court to impose a sentence of home confinement followed by a period of supervised release of three years and such other conditions as the court deems appropriate. Such a sentence, it is submitted, under the circumstances of the instant case will be sufficient and not greater than is necessary. Such a sentence would not deprecate the seriousness of the offense and would provide a just particularly in light of those circumstances related to the government's filing. Like the government, the undersigned will apprise the court of those details of Alba's cooperation at the sentencing hearing and all Title 18 U.S.C. §3553 factors.

The prosecution's requested reduction is based upon their evaluation that Ms.

Serrano should only be credited with a one-third reduction from the agreed upon advisory adjusted guideline of 17. While it is greatly appreciated by Ms. Serrano that the prosecution recognizes her substantial assistance in making the §5K1.1 motion, it is submitted that such a reduction is insufficient in all the circumstances of the instant case.

The granting of a downward departure for cooperation,[2] pursuant to the United States Sentencing guidelines §5K1.1, allows the court to depart from the guidelines using total discretion in weighing the magnitude of the cooperation against the defendant's conduct.

Alba Serrano has gone to great lengths in her cooperative undertakings. Alba has participated in numerous and extensive debriefings relating to individuals who came known to her to be involved in crime. In so doing, Alba has placed herself in precarious and dangerous undertakings which will be elaborated by the undersigned at sentencing so as not to jeopardize the integrity of any ongoing investigation.

It is black letter law that district court judges are free to reduce a defendant's sentence for cooperation efforts not recognized by a government-filed U.S.S.G. §5K1.1 and/or a Title 18 U.S.C. §3553(e) motion. Indeed, the concept of a defense-initiated application for a mitigated sentence was well-entrenched many years before the United States Sentencing Guidelines even went into effect. See, *Roberts v. United States*, 445 U.S. 552, 558 (1980) a (defendant's cooperation demonstrates that the "defendant will

---

[2] See *United States v. Campbell,* 704 F.Supp. 661 (E.D. Va. January 26, 1989). See also *United States v. Vargas,* 925 F.2d 1260 (10th Cir. 1991), the unlimited potential for the reduction of a sentence based on cooperation is up to the discretion of the court.

transgress no more [and will] respond to rehabilitative efforts [and] not deem himself at war with his society.").

The court has unlimited discretion in determining a sentence when cooperation is a mitigating factor. In *United States v. Floyd,* 738 F.Supp. 1256 (D. Minn. 1991), the defendant was convicted on a guilty plea for the distribution of cocaine and cocaine base, as well as aiding and abetting its distribution. The court held that a downward departure was warranted because of the defendant had made good faith efforts to provide assistance to the government, and the defendant had materially changed (her life) after her conviction in order to conform to society's rules.

A defendant who substantially assists the government in the prosecuting of other criminal acts should do substantially less time than anyone else who would be incarcerated. A defendant benefits greatly in assisting the authorities and, conversely, the authorities benefit equally from the defendant's cooperation.

The defendant has gone beyond simple levels of cooperation. Having a complete picture of the extent of the defendant's cooperation is critical to making an informed downward departure consideration. Cooperation reduces the likelihood of recidivism and is a beneficial part of Alba's history and character. Therefore, a below guidelines sentence is warranted under 18 U.S.C. § 3553 (a)(2) ( c).

## **CONCLUSION**

WHEREFORE, counsel prays that the court will take into consideration all information presented herein and at the time of hearing grant the joint objections of the parties and grant the government's motion pursuant to U.S.S.G. §5K1.1.  Alba Serrano further prays the court impose a sentence of home confinement followed by supervise release and such other conditions as the court deems appropriate.  Such a sentence tempers justice with mercy, and is sufficient and not greater than necessary.

        Respectfully submitted,

        NATHAN P. DIAMOND, P.A.
        888 Biscayne Boulevard
        Suite 501
        Miami, Florida  33132
        (305) 371-5300
        Fax: (305) 371-6966
        attydiamon@aol.com

        By:    *s/ Nathan P. Diamond*
              NATHAN P. DIAMOND, ESQUIRE

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 1, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to H. Ron Parente, Assistant United States Attorney, Steven Kim, Assistant United States Attorney and by fax to Clara Lyons, United States Probation Officer.

By: *s/ Nathan P. Diamond*
NATHAN P. DIAMOND, ESQUIRE